UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Robin Gipson,<br><br>       Plaintiff,<br>v.<br><br>American Coradius International, LLC<br>and Joseph Marzulli,<br><br>       Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Robin Gipson is a natural person who resides in the City of St. Michael, County of Wright, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant American Coradius International, LLC , Inc. (hereinafter "Defendant ACI") is a foreign corporation and a collection agency operating from an address of 2420 Sweet Home

-1-

Rd, Suite 150 Amherst, New York 14228 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Joseph Marzulli (hereinafter "Defendant Marzulli") is a natural person employed by Defendant ACI as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. On or around 2004, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Macy's Charge Account in the approximate amount of $297, which was used by Plaintiff to make personal purchases of clothing and other personal items.

8. Sometime in or around September 2006, the Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendants in an attempt to collect this debt.

### *First Call with Defendant Marzulli*

9. On or about September 14, 2006, Plaintiff received a call from Defendant Marzulli that lasted for approximately five minutes.

10. Defendant Marzulli stated that he had contacted Plaintiff a month ago about her unpaid Macy's account but that Plaintiff had not called him back.

11. Plaintiff explained that she was expecting a statement in writing on this account and Defendant Marzulli then claimed that he had sent such a statement.

12. Defendant Marzulli then stated that they had sent something to Plaintiff, but he indicated that it had gone to an address, which was Plaintiff's old address.

13. Defendant Marzulli then demanded payment from Plaintiff and told her that they needed to get this account settled that night and offered to settle it for $297.

14. Defendant Marzulli then told Plaintiff that if she did not immediately pay this bill that she would be sued by Defendants and that she would wind up having to pay an additional $1,300.00 in legal fees, plus additional court charges.

15. Defendant Marzulli then stated to Plaintiff that Defendants were going to pursue this matter in court.

16. Defendant Marzulli told Plaintiff that they would pursue this balance in court.

17. Defendant Marzulli told Plaintiff that he would be contacting her payroll department the following day for "income execution", despite the fact that Defendant Marzulli is not a licensed attorney in the state of Minnesota and had not filed a lawsuit and obtained a default against Plaintiff, which would allow him to garnish her wages.

18. Plaintiff thought that her wages would be garnished.

19. When Plaintiff stated that she was going to contact a lawyer about Defendant ACI's collection conduct, Defendant Marzulli responded by saying, "Good—pay those attorneys fees!"

20. Defendant Marzulli told Plaintiff that she would be liable for $1,300.00 in attorney's fees if she did not pay this debt immediately.

21. Throughout this call, Defendant Marzulli was extremely threatening and disrespectful in his tone and language to Plaintiff.

22. Defendant Marzulli told Plaintiff that she had better pay him the discounted amount of $297 immediately, or else she would be subjected to a civil suit and would have to pay $1,300 in attorney's fees, court fees, interest, and penalties.

23. Defendant Marzulli told Plaintiff that he was going to contact her payroll department the following day and seize 25% of her income to get this debt settled.

24. Plaintiff then told Defendant Marzulli that he could not call her at work.

25. Defendant Marzulli then responded by stating that "yes", he could call her work anytime that wanted, and then asked Plaintiff "Haven't you ever been sued?!"

26. Thereafter the collection call ended.

27. Plaintiff was left shaken and extremely upset by this abusive collection call.

28. This harassing, oppressive, and abusive call to the workplace by Defendant Marzulli, after having been advised by the Plaintiff that she could not accept collection calls at her workplace, was an illegal collection communication in an effort to collect a consumer debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(a)(1), 1692c(a)(3), 1692d, 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

*Second Collection Call*

29. Despite being told not to contact her at work again, Defendant Marzulli called Plaintiff at her place of employment again on or about September 19, 2006, at about 3:15 p.m.

30. Defendant Marzulli demanded payment of the debt from Plaintiff.

31. Plaintiff again restated that she could not take collection calls at her place of employment.

32. Defendant Marzulli agreed and stated that he would send Plaintiff a letter that she must respond by making a payment no later than September 29, 2006.

33. Thereafter the called ended.

34. This call to the workplace by Defendant Marzulli, after having earlier been advised by the Plaintiff that she could not accept collection calls at her workplace, was an illegal collection communication in an effort to collect a consumer debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(a)(1), 1692c(a)(3), 1692d, 1692e, 1692e(5), 1692e(10), and 1692f, amongst others.

### Third Collection Call

35. On or about September 19, 2006, Plaintiff received a voicemail from Defendant Marzulli, from phone number (866) 876-0224 ext. 2287, regarding reference number 1931606-35.

36. Plaintiff spoke with Defendant Marzulli.

37. Defendant Marzulli told Plaintiff that she needed to pay this account by "tomorrow" in order to avoid court and legal fees.

38. Defendant Marzulli then asked Plaintiff whether she really wanted this matter to go to court.

39. Plaintiff again insisted that she had received nothing in writing from Defendants and did not want to pay this debt without that.

40. Defendant Marzulli again threatened Plaintiff with court and stated that it cost money to send letters.

41. Defendant Marzulli said that he would fax a letter to Plaintiff at her workplace, but Plaintiff explained that she could not accept faxes to her workplace.

42. Defendant Marzulli then told Plaintiff to go to Kinko's to accept a fax.

43. Upon well-formed information and belief, Kinko's charges $1.00 per page to receive faxes.

44. Plaintiff told Defendant Marzulli that she felt it was unfair to have to go to Kinko's to accept a fax when they could just mail the document to her.

45. Thereafter the call ended.

46. This harassing, oppressive, and abusive call by Defendant Marzulli was an illegal threat to take legal action which these Defendants were not entitled to take and did not intend to take, and a collection communication in an effort to collect a consumer debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(a)(1), 1692c(a)(3), 1692d, 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

### Fourth Collection Call

47. On September 26, 2006, Plaintiff mailed full payment n this debt to Defendants.

48. On or about September 29, 2006, Plaintiff received another call from Defendant Marzulli regarding this account.

49. Plaintiff explained that she had made payment on this account on the 26th.

50. Defendant Marzulli then stated that Plaintiff would have to pay "collection fees" because she had not paid this earlier.

51. Plaintiff explained that she had only received this collection letter on Monday and had then made her payment promptly on Tuesday.

52. Defendant Marzulli said it did not matter but that she would still be liable for collection fees.

53. This collection call with Defendant Marzulli was an illegal threat to take legal action which these Defendants were not entitled to take and did not intend to take, namely, attempting to collect an amount not due or owing under the original agreement, and therefore a collection communication in an effort to collect a consumer debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

*Summary*

54. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**TRIAL BY JURY**

55. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing intentional and negligent acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

58. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: September 11, 2007     **BARRY & SLADE, LLC**

By: **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-2700
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra     **Attorney for Plaintiff**

-8-

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA    )
                     ) ss
COUNTY OF HENNEPIN    )

Plaintiff Robin Gipson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_Robin Gipson_
Robin Gipson

Subscribed and sworn to before me
this 11th day of September, 2006.

_Dana Klem_
Notary Public

DANA KLEM
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010